## CIRCUIT COURT OF THE CITY OF NORFOLK

Imogene T. Marshall et al.

    v.

Raymond C. Robinson et al.

March 13, 1980

Case No. (Law) L-78-2098

By JUDGE THOMAS R. McNAMARA

    Upon full consideration of defendants' Special Plea of the Statute of Limitations, the evidence, argument and authorities submitted thereon, the Court concludes that the Special Plea should be overruled.

    The defendants, acting with full responsibility as plaintiffs' attorneys, examined the title to the property in question and obtained a title insurance policy on behalf of plaintiffs. They deliberately refrained from reporting in either instance knowledge they had gained from their title examination that the title to be acquired was at least potentially affected adversely by prior transactions between plaintiffs' grantors and the NRHA. The closing was held on December 31, 1974, at which time the deficiency in reporting occurred.

    This action at law for money damages was commenced on November 13, 1978, more than three years after the occurrence, which period the Court has previously ruled is the term of the statute of limitations applicable to an action for breach of an oral contract between attorney and client, but plaintiffs argue that the running of the statute did not commence until their discovery of the alleged defect upon being advised of the same by letter of NRHA dated March 17, 1977, claiming to be the beneficiary of a "duly recorded. . . encumbrance" upon the property and insisting that the property's physi-

cal condition must meet approval by NRHA as the only means "to clear the title to your property."

The NRHA's claim of right is based upon Virginia Code § 36-50.1, and notices given pursuant thereto, resulting in a statutory right of acquisition by eminent domain. The right had not occurred by the date of closing, but a document had been put to record on March 15, 1974, asserting that notice of recordation had been given on March 8, 1974, and that the property would become subject to acquisition by NRHA unless "made to conform to the project standards within one year after such notice."

Even at this time the validity of NRHA's claim of right against these plaintiffs has not been litigated, nor has any condemnation action been commenced. Nevertheless, the published existence of NRHA's claim did, in this Court's opinion, constitute an exception to the grantors' fee simple title which it was the duty of the plaintiffs' attorneys to report at or prior to closing. In his testimony Mr. Consolvo, senior partner in defendants' law firm, agreed.

On defendants' title notes received in evidence as exhibit P-1 there appears a notation under "current exceptions" of the existence and contents of the recorded NRHA Certificate of Notification including the property's status as potentially subject to acquisition. Next to this note in the margin appears the hand-written direction: "Do not report." The Court finds that the exception was not reported and that this was deliberate.

Nevertheless, the act was not necessarily fraudulent. Indeed, plaintiffs' Amended Motion for Judgment as to the attorney defendants does not allege fraud. The attorneys stood to gain nothing from nondisclosure and the decision could well have been made upon a good faith judgment, if erroneous, that the NRHA's recorded assertions were of no consequence.

In these circumstances it appears that there was a violation of duty, not actively fraudulent or involving moral turpitude (See *Housing Authority v. Laburnum*, 195 Va. 827 (1954)) but constituting a deliberate concealment where there was a confidential relationship and a duty to reveal. Such in my opinion would toll the running of the statute just as if a doctor had negligently but unknowingly left a foreign body inside a patient and then, having discovered the same, deliberately concealed

it. The following authority cited in plaintiffs' brief solidifies this conclusion.

> 51 Am. Jur. 2d, *Limitation of Actions*, Section 149:
> "If the fraud itself is secret in its nature and such that its existence cannot be readily ascertained, or if there are fiduciary or confidential relations between parties, there needs to be no evidence of fraudulent concealment other than that implied from the transaction itself. Even mere failure to reveal may be fraudulent when there is a duty to reveal."

This principle is not affected by the legislative action relied upon by defendants.

Though there was evidence that plaintiffs had knowledge of the need for repairs, and even discussions with NRHA regarding financing of the same, the Court finds no actual knowledge on their part of the NRHA's claim of acquisition rights in the property until March 17, 1977. Nor does the Court feel that any greater diligence is required to discover the same than to engage experienced counsel for that purpose.

It is, therefore, this Court's opinion that the alleged cause of action arose on December 31, 1974, but the running of the statute was tolled until March 17, 1977, leaving this action timely filed on November 13, 1978.